
FILED
DEC 05 2018
CLERKS OFFICE
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NUMBER: 18-12190    DIV. M

SECTION 13

BESSIE NICHOLS

VERSUS

JAZZ CASINO COMPANY, LLC D/B/A HARRAH'S NEW ORLEANS CASINO

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, BESSIE NICHOLS, a person of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana who respectfully submits the following:

1.

Made defendant herein is HARRAH'S CASINO NEW ORLEANS, a foreign corporation licensed to do and doing business in the State of Louisiana, liable for such damages including but not limited to: compensatory damages for wrongful termination based on age and medical disability, to also include damages for lost wages as result of the termination and damages for loss of medical benefits, attorney's fees, prejudgment interest, costs for discrimination, defamation, and facilitating a hostile work environment, with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings.

2.

Venue is proper pursuant to La. C.C.P. art. 74 and La. C.C.P. art. 42(4). The wrongful conduct occurred and the damages were sustained in the Parish of Orleans. JAZZ CASINO COMPANY, LLC D/B/A HARRAH'S NEW ORLEANS CASINO is a foreign corporation licensed to do and doing business in New Orleans, Louisiana with its primary place of business in Orleans Parish.

3.

Plaintiff was wrongfully terminated. Plaintiff's termination was a result of a breach of contract and discrimination for both age and disability and is contrary to public policy.

4.

Plaintiff worked for Harrah's from February 2001 as a Housekeeper earning $11.94 per hour until she was wrongfully terminated on December 5, 2017. She was wrongfully terminated for alleged "misconduct" that was related to an extended bathroom-break as a result of a side


VERIFIED

effect of her medication for her disability. Plaintiff had an exemplary employment record with Defendant and was terminated contrary to the policies and procedures set forth in the employee handbook.

5.

Plaintiff's supervisors frequently engaged in favoritism by allowing certain employees to take extended breaks as needed, while denying Plaintiff the opportunity to take a bathroom break thus creating a hostile work environment.

6.

Plaintiff learned of her disability after visiting a physician at the Harrah's Wellness Clinic, located next door to Defendant's downtown New Orleans location, through the medical she received during her employment with Defendant. The medication she was prescribed for her disability was Metformin, and Valsartan. Defendant had direct knowledge of her disability as she was permitted to take time off to go to her treating physician, and encouraged by her supervisors to do so.

7.

Plaintiff asserts the following causes of action, pled in the alternative where appropriate, against the Defendant.

   a. Wrongful Termination under La. R.S. 23:303

   b. Lost Wages and Benefits

   c. Bad Faith

   d. Breach of Contract

   e. Facilitating a Hostile Work Environment.

   e. Defamation

   f. Violation of the Age Discrimination in Employment Act.

8.

Plaintiff was wrongfully terminated. Plaintiff's termination was based on a breach of contract based and discrimination under the Americans with Disabilities Act (ADA) and is contrary to public policy.

9.

Employers in Louisiana are not permitted to terminate an employee without cause if there is an employment contract in place. Further, under Federal and Louisiana Law an employer

must reasonably accommodate an employee's disability. La. R.S. 23:303 allows a plaintiff to file a civil suit in a district court seeking, compensatory damages, back pay, reinstatement, front pay, reasonable attorney fees, and court costs. Ms. Nichols is a qualified employee under the Americans with Disabilities Act (ADA) as a result of her disability. The ADA is interpreted broadly.

10.

It is contrary to public policy for employers to discriminate against their employees. Louisiana law recognizes an implied covenant of good faith and fair dealing. Ms. Nichols was terminated in bad faith or out of malice and the wrongful termination was in breach of her employment agreement. She is entitled pursuant to Louisiana law and jurisprudence to receive compensatory damages for lost wages, and the termination of her medical benefits as a result of the wrongful termination.

11.

Additionally, Defendant violated Plaintiff's right to due process when it terminated Ms. Nichols without a fair hearing. By failing to terminate Plaintiff without following the required procedures outlined in the employee handbook, the defendant breached its employment contract. Defendant's actions were perpetrated in bad faith, thus entitling Plaintiff to damages in accordance with La. C.C. 1994.

12.

Further, Defendant is liable for facilitating and creating a hostile work environment. Management frequently favored younger employees and did NOT accommodate Ms. Nichols' disability. She was prevented from taking an extended bathroom break as a result of her disability, while her superiors would frequently allow younger employees to take extended breaks.

13.

Defendant is also liable for defamation. Defamation stems from Art. 2315 of the Louisiana Civil Code. A communication is defamatory if it tends to harm the reputation of another so as to lower the person in estimation of the community or to deter others from associating or dealing with the person. Defendant spread defamatory words about plaintiff which led to her termination. The bad faith and ill practices of the defendant were a direct and proximate cause of her termination.

14.

Additionally, pursuant to La. R.S. 23:303, a plaintiff who has a cause of action against an employer, for wrongful termination may file a civil suit seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate front pay, reasonable attorney's fees, and court costs. A plaintiff who has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice 30 days prior to court action. Notice was provided via registered and certified mail **Exhibit-P1** There was a good faith attempt to avoid litigation in this matter, however the parties were unsuccessful in doing so.

15.

Plaintiff respectfully requests that this Court grant her damages in the amounts which this court deems necessary and appropriate, including but not limited to: compensatory damages for wrongful termination based on age and medical disability, to also include damages for lost wages as result of the termination and damages for loss of medical benefits, prejudgment interest, costs for discrimination, defamation, humiliation and embarrassment, and facilitating a hostile work environment, with legal interest from date of termination, and reasonable attorney's fees. Defendant has acted in a discriminatory manner and demonstrated malice and reckless indifference to the laws of this State, and should be found liable.

16.

Plaintiff reserves her right to request a trial by jury.

WHEREFORE, Plaintiff prays that the Defendants herein be duly cited and served with a copy of this petition and be required to answer in accordance with the law; and that after due proceedings had, there be judgment herein in favor of Petitioner and against the Defendant, liable for such damages requested, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, attorney's fees, and for all just and equitable relief that this Honorable Court may grant.

Respectfully submitted,

_____
The Law Offices of Jon S. McGill, LLC.
Jon S. McGill, Sr Esq.
Donald Dorenkamp II, Esq.

La. Bar Roll No. 36227
La. Bar Roll No. 36767
235 Derbigny St. Ste. 100
Gretna, LA 70053
504-208-5551
Attorney(s) for Plaintiff

**Attn. Clerk Please Serve**
Harrah's Casino New Orleans
Through its registered agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802




# The Law Offices of Jon S. McGill, LLC.

October 31, 2018

Harrah's New Orleans Casino
Attn: Human Resources Department
8 Canal St.
New Orleans, LA 70130
504-533-6000

**Personal and Confidential**
OFFER TO COMPROMISE

Re: *Bessie Nichols v. Harrah's New Orleans Casino, et al.*
Case No: Not Yet Filed

To Whom It May Concern:

Please be advised that our law firm has been retained by Bessie Nichols to represent her with respect to all matters arising out of her termination of employment with Harrah's "Jazz" Casino Company. Based on our preliminary investigation, it is our opinion that your company has wrongfully terminated Ms. Nichols contrary to Louisiana and Federal law and in violation of public policy.

Ms. Nichols has requested that any questions, inquiries, or other communications about these matters be directed to our offices. The description of facts herein is not intended to be exhaustive and we hereby specifically reserve the right to supplement and/or modify the facts as further investigation dictates. Please understand that this letter has been prepared and sent for the sole purpose of encouraging settlement discussions. I therefore consider its contents, and any related communications to be privileged and confidential. Should this matter proceed to litigation, Ms. Nichols will allege several claims of unlawful employment practices. Such claims will include, without limitation, the following:

### Harrah's Casino has engaged in Unlawful Employment Practices

Employers in Louisiana are not permitted to terminate an employee without cause if there is an employment contract in place. There are three types of employment contracts that are recognized in Louisiana, written, oral, and implied. Employers with twenty or more employees are not allowed to discriminate on the basis of childbirth, pregnancy, or other related medical conditions.

It is contrary to public policy for employers to discriminate against their employees, and public policy principles prevent employers from retaliating against workers when they have notice of knowledge of a specific disability. Ms. Nichols was wrongfully terminated in direct violation of the Americans with Disabilities Act of 1990. (ADA)

235 Derbigny Street, Suite 100 ▪ Gretna, LA 70053 ▪ Phone: (504)-208-5551 ▪ FAX: (504) 336-2384 ▪ jon@jonsmcgilllaw.com

**VERIFIED**



FILED
DEC 05 2018
CLERKS OFFICE
CIVIL DISTRICT COURT

## Wrongful Termination

Ms. Nichols was wrongfully terminated. Ms. Nichols' was terminated in violation of Louisiana and Federal law. Ms. Nichols was terminated because of alleged "misconduct" that was related to an extended break as a result of a side effect of her medication. She has worked for your company for almost twenty years. Ms. Nichols had an exemplary employment record with your company. In this instance she did not receive a write up or verbal warning but rather her punishment resulted in immediate termination. Termination as a result of alleged "misconduct" that stems from a disability under the ADA is in direct violation of your employment handbook and contrary to public policy.

Further, Ms. Nichols was terminated in bad faith or out of malice. Louisiana jurisprudence recognizes an implied covenant of good faith and fair dealing. Ms. Nichols was terminated because of her age and medical disability. Additionally, your company unjustly took advantage of the employment contract in place between Harrah's and Ms. Nichols. An employment contract that was entered into by Ms. Nichols as a result of the superior bargaining power of your company. Harrah's further used this superior position in the employment contract, to terminate an employee who had demonstrated a commitment to your company for almost twenty years, who had an exemplary employment record, and was a nothing but a dependable and hardworking employee throughout her time working at your company. Again, Ms. Nichols has no past incidences regarding "misconduct" in her employee file.

## Employment Contract/Human Resources Review Panel

The employment agreement between Ms. Nichols and Harrah's falls under Art. 2056 of the Louisiana Civil Code. "In case of doubt that cannot be otherwise, resolved a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." Harrah's created an imbalanced obligation with Ms. Nichols by being in a position of superior bargaining power.

In the aforementioned case, Ms. Nichols maintains that she was not provided with a fair opportunity to present her side of the story, nor did your company conduct a thorough examination of the incident regarding her termination. Your company did not comply with company policies as outlined in the employee handbook.

## Lost Wages/Overtime Pay-Unjust Enrichment

Ms. Nichols was unjustly terminated without cause in violation of La. Civil Code Article 2298, and has been impoverished due to incurring economic loss and damages, and because of her wrongful termination, your company is liable.

Additionally, in a determination into whether Ms. Nichols had been discharged for misconduct connected with her employment by Administrative Law Judge Diana Hebert, your company was unable to prove by a preponderance of the evidence that any actions by Ms.

Nichols constituted "misconduct" in the workplace. This finding although not solely conclusive of our claim, provides great weight to the aforementioned causes of action.

### Collateral Tort Claims

The abovementioned facts will further support claims for defamation, and negligent infliction of emotional distress.

### Conclusion: Offer to Compromise

Under La R.S. 23:303, a plaintiff who has cause of action against an employer, for wrongful termination may file a civil suit seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate front pay, reasonable attorney fees, and court costs. A Plaintiff who believes that he/she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice 30 days prior to court action. It is my opinion that it is in the best interest of all parties to make a sincere effort to explore the possibility of an informal and confidential resolution of their disputes prior to invoking the litigation process. Exploration of the possibilities of a resolution is my firm's practice as I believe that the vagaries and expenses of litigation are frequently outweighed by a prompt and business-like negotiation.

Sincerely,

Donald Dorenkamp II
The Law Offices of Jon S. McGill, LLC
235 Derbigny Street, Suite 100
Gretna, LA 70053
504-270-1943
donald@jonsmcgilllaw.com

P-1D




FedEx Office

FILED
DEC 05 2018
CLERKS OFFICE
CIVIL DISTRICT COURT

Address: 1134 S CLEARVIEW PKWY
NEW ORLEANS LA 70123
Location: MSYK
Device ID: -BTC02
Transaction: 920212866041

**FedEx Express Saver**
783557857433    0.1 lbs. (S)    7.65
Declared Value  0

Recipient Address:

Jazz Casino Company
8 CANAL ST
NEW ORLEANS, LA 70130-1601
0000000000

Scheduled Delivery Date 11/6/2018

Pricing option:
ONE RATE

Package Information:
FedEx Envelope

**FedEx Express Saver**
783557876391    0.1 lbs. (S)    7.65
Declared Value  0

Recipient Address:

JAZZ CASINO COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802
0000000000

Scheduled Delivery Date 11/6/2018

Pricing option:
ONE RATE

Package Information:
FedEx Envelope

Shipment subtotal:    $15.30
Total Due:    $15.30

(S) CreditCard:    $15.30
************1786