UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BESSIE NICHOLS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-2248 |
| JAZZ CASINO COMPANY, LLC d/b/a HARRAH'S NEW ORLEANS CASINO | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Bessie Nichols to remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject-matter jurisdiction.[1] Defendant Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("Harrah's) opposes the motion arguing that this Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court finds that it has federal question subject-matter jurisdiction because Nichols's complaint clearly states causes of action under federal law, including the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

### I. BACKGROUND

This matter concerns allegations of wrongful termination. In February 2001, Nichols began working at Harrah's as a housekeeper.[3] Nichols alleges that, at some unspecified time, a physician at Harrah's wellness clinic diagnosed her with an unspecified disability and prescribed

---

[1] R. Doc. 15.
[2] R. Doc. 19.
[3] R. Doc. 1-2 at 1.

medications to her to treat the condition.⁴  Nichols also alleges that her supervisors were aware of the disability and encouraged her to take time off to see her treating physician.⁵  Nichols claims that on December 5, 2017, Harrah's wrongfully terminated her employment for alleged "misconduct" that was related to an extended bathroom-break she took because of a side-effect from the medication she was taking to treat the disability.⁶  Nichols contends that her supervisors exhibited favoritism by allowing certain other employees to take extended breaks, which created a hostile work environment because she was denied such a break.⁷  According to Nichols, her termination was in violation of the policies and procedures set forth in the Harrah's employee handbook.⁸

On December 5, 2018, Nichols filed this action in state court alleging claims for wrongful termination under La. R.S. 23:303, lost wages and benefits, bad faith, breach of contract, hostile work environment, defamation, and violation of the ADEA.⁹  Nichols also alleged that her "termination was based on a breach of contract … and discrimination under the Americans with Disabilities Act (ADA) and is contrary to public policy."¹⁰  To support her ADA claim, Nichols alleges that, as a result of her disability, she is a qualified employee under the ADA.¹¹  Appended to, and referenced in, her complaint was a letter to Harrah's stating that "Nichols was wrongfully terminated in direct violation of the [ADA]" and "in violation of Louisiana and Federal law."¹²

On March 11, 2019, Harrah's removed the case to this Court alleging federal question subject-matter jurisdiction under section 1331 because Nichols made claims under the ADEA

---

⁴ *Id.* at 2.
⁵ *Id.*
⁶ *Id.* at 1-2.
⁷ *Id.* at 2.
⁸ *Id.*
⁹ *Id.*
¹⁰ *Id.*
¹¹ *Id.* at 3.  Harrah's does not premise its removal on diversity subject-matter jurisdiction.
¹² *Id.* at 6-7.

2

and ADA.[13]  Thereafter, Nichols filed the instant motion to remand arguing that her complaint does not raise a federal question because, although she mentioned the ADA and ADEA in her complaint, she did not intend to raise them as causes of action, but rather as guidance for her discrimination claims under Louisiana law.[14]  Harrah's opposes the motion arguing that Nichols's complaint clearly states claims under the ADA and ADEA, thereby providing this Court with original federal question subject-matter jurisdiction under section 1331.[15]

## II. LAW & ANALYSIS

The federal court's jurisdiction is examined as of the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).  A defendant may remove from state court to the proper federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule instructs that "[a] federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

---

[13] R. Doc. 1 at 2.
[14] R. Doc. 15-2 at 1-4.
[15] R. Doc. 19 at 2-3.  Harrah's argues, in the alternative, that it should be permitted to amend its notice of removal to allege diversity subject-matter jurisdiction under 28 U.S.C. § 1332, because the parties are citizens of different states and there is more than $75,000 in controversy.  The Court need not address this argument because it concludes that it has federal question subject-matter jurisdiction.

law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). Most federal question "arising under" jurisdiction is invoked by plaintiffs pleading a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2007). However, in "rare" circumstances, original jurisdiction also arises in the absence of a pleaded federal cause of action where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 319; *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (describing *Grable* original jurisdiction cases as a "special and small category").

This is a case where the well-pleaded complaint pleads two causes of action that arise under federal law, namely the ADA and the ADEA. The Fifth Circuit has held that when a plaintiff's "petition [at the time of removal] contained a federal claim for violation of the Americans with Disabilities Act ... the district court had subject matter jurisdiction." *Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x 469, 471 (5th Cir. 2014); *see also Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [the plaintiff's] federal ADA claims under 28 U.S.C. § 1331.").

Nichols alleges in her complaint that Harrah's violated the ADA, the ADEA, and Louisiana's discrimination laws.[16] Nichols's contention that her complaint only asserts violation of Louisiana state law is unpersuasive because she specifically asserts violations of the ADA and ADEA. There is no language in the complaint qualifying that these federal laws are mentioned only as guide-posts for interpreting Louisiana state law. Rather, under a straightforward reading of the complaint, the two laws are pleaded in allegations constituting independent causes of action arising under federal law. Because Nichols's complaint invokes federal law under the ADA and ADEA, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, and the motion to remand must be denied.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Nichols's motion to remand (R. Doc. 15) is DENIED.

New Orleans, Louisiana, this 19th day of September, 2019.

 

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 1-2 at 2-3.